UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

TONY L. CEPEDA,

                Petitioner,

   v.                                                           9:13-CV-1209
                                                                       (GLS/DEP)

COMMISSIONER,

                Respondent.
_____

APPEARANCES:                            OF COUNSEL:

TONY L. CEPEDA
06-B-0275
Petitioner, pro se
Elmira Correctional Facility
P.O. Box 500
Elmira, N.Y. 14902

GARY L. SHARPE
Chief United States District Judge

## DECISION and ORDER

**I.    INTRODUCTION**

Petitioner Tony L. Cepeda has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1, Petition ("Pet."). Initial review revealed that the petition may be untimely, and this Court directed petitioner to submit a written affirmation explaining why the statute of limitations should not bar this petition. Dkt. No. 2. Petitioner has filed the required affirmation arguing that the statute of limitations has not run, and his petition is timely. Dkt. No. 3, Affirmation ("Aff."). For the reasons below, this Court finds that the statute of limitations has expired, any relevant tolling provisions do not sufficiently toll the statute, and this petition should be dismissed as untimely.

## II.   DISCUSSION

### A.   Petition

Petitioner challenges a 2006 judgment of conviction in Supreme Court, Onondaga County. Dkt. No. 1, Pet. at 2. On November 22, 2005, petitioner pled guilty to second degree murder, and was sentenced to 23 years to life imprisonment on January 19, 2006. *Id.* at 3-4. Petitioner argues that his plea was not knowingly, intelligently, and voluntarily made. *Id.* at 6-8. For a more complete statement of petitioner's claims, reference is made to the petition.

Petitioner concedes that his petition was filed well after the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). *See* Dkt. No. 3, Aff. at 5. However, petitioner argues that because the trial court allegedly failed to notify him of his right to appeal, the time to file his petition has not yet expired. *Id.* at 7.

### A.   Timeliness

The one-year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. See 28 U.S.C. § 2244(d)(1)(A).[1] For purposes of section 2244, a state conviction becomes "final" when the United States Supreme Court denies an application for a writ of certiorari or when the time to seek certiorari has expired, which is ninety days after

---

[1] Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed, the date on which the Supreme Court initially recognized the constitutional right on which the petitioner bases his habeas application if that right was newly recognized and made retroactively applicable, or the date on which the petitioner could have discovered the factual predicate for the claim or claims presented through the exercise of due diligence (newly discovered evidence). *See* 28 U.S.C. § 2244(d)(1)(B), (C), and (D). None of the alternative dates apply in this case.

2

the date on which the highest court in the state has completed direct review of the case. *Gonzalez*, 132 S. Ct. at 653; *Saunders v. Senkowski*, 587 F.3d 543, 548-49 (2d Cir. 2009).

According to the information that he included in his submissions, Petitioner pled guilty on November 22, 2005. *See* Dkt. No. 1, Pet. at 3. Petitioner indicates that he was sentenced on January 19, 2006. *See id.* at 4. Petitioner did not file a direct appeal. *See* Dkt. No. 3, Aff. at 2. Thus petitioner's conviction became "final" for purposes of the AEDPA on February 18, 2006, when the thirty days in which to seek appellate review of the conviction in state court expired. *See Vaughan*, 2007 WL 2042471, at *4 ("In New York, a defendant has thirty days after the 'imposition of the sentence' to notify the court that he will appeal. N.Y. C.P.L. § 460.10(1)(a)."). The statute of limitations would have expired one year later, on February 18, 2007.

### 1. Statutory Tolling

The limitations period under the AEDPA is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2); *Saunders*, 587 F.3d at 548. This tolling provision "excludes time during which properly filed state relief applications are pending but does not reset the date from which the one-year statute of limitations begins to run." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000).

Here, the one-year statute of limitations ran from February 18, 2006, for a total of 152 days until July 20, 2006, when petitioner filed an application seeking permission to file a late appeal. See Dkt. No. 3, Aff. at 2-3. Petitioner states that this application was denied, and he filed a second application to file a late appeal on November 20, 2006. *Id.* at 3.

3

Petitioner does not give the date that either application was denied, but states that after the second denial, he filed a motion on January 16, 2007, pursuant to N.Y. C.P.L. § 440.10 ("440.10 Motion") seeking to vacate his judgment of conviction. *Id.* Petitioner's January 16, 2007 440.10 Motion was denied on December 21, 2007. *Id.* Petitioner sought leave to appeal, and the Appellate Division denied petitioner leave to appeal on May 30, 2008. *Id.* Petitioner filed a second 440.10 Motion on May 25, 2009. *Id.* at 4.

Assuming the statute was tolled from July 20, 2006, when petitioner filed his first application seeking permission to file a late appeal, to May 30, 2008, when the Appellate Division denied petitioner leave to appeal the denial of his first 440.10 Motion, the statute would have then begun to run on May 30, 2008, and expired 213 days later, on December 29, 2008. Thus, the relevant statute of limitations expired at least five months before petitioner filed his second 440.10 Motion and nearly five years before petitioner filed this petition.

Because petitioner's additional 440.10 motions filed on May 25, 2009, August 18, 2011, and March 8, 2013 were filed and decided after the one-year limitations period expired, none of them operates to toll the statute of limitations. 28 U.S.C. § 2244(d)(2); *Fernandez v. Artuz*, 402 F.3d 111, 116 (2d Cir. 2005); *Saunders*, 587 F.3d at 548 *Smith*; 208 F.3d at 16-17; *Monroe v. Rock*, No. 6:09-CV-6366, 2011 WL 1792926 at *2 (W.D.N.Y. May 10, 2011). Therefore, unless equitable tolling applies, the petition is untimely.

### 2. Equitable Tolling

The AEDPA's one-year statute of limitations period is subject to equitable tolling in "appropriate cases." *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2560 (2010). To

4

warrant equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis deleted)). Whether a circumstance is extraordinary depends on "how severe an obstacle it is for the petitioner endeavoring to comply with the AEDPA's limitations period." *Rivas,* 687 F.3d 514, 538 (2d Cir. 2012) (quoting *Diaz v. Kelly*, 515 F.3d 149, 154 (2d Cir. 2008)).

Additionally, a petitioner must "demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000). If a petitioner did not exercise reasonable diligence after the extraordinary circumstance began, "the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Baldayaque v. United States*, 338 F.3d 145, 150 (2d Cir. 2003) (quoting *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001)); *Mason v. Pool*, 554 F. Supp. 2d 391, 397-98 (W.D.N.Y. 2008).

Petitioner claims that his failure to timely file his petition is "mainly due to the state sentencing court's failure to inform the petitioner of his statutory right to file an appeal." Dkt. No. 3, Aff. at 5. Petitioner argues that "there are absolutely no records demonstrating that the petitioner waived his right to appeal from either the plea, sentence, or both." *Id.* However, petitioner included a transcript of his sentencing, and the court clearly stated, "Defendant has waived his right to appeal." *Id.* at 20.

5

In any event, petitioner filed this petition on September 27, 2013, more than *7 years* after his conviction became final. Even if the court had failed to inform petitioner of his right to appeal, petitioner has failed to establish any "extraordinary circumstance" that would justify tolling the statute for over 7 years. Petitioner states that once he learned of his right to appeal from "jail-house lawyers" he "immediately" petitioned the state courts for permission to file a late appeal. Dkt. No. 3, Aff. at 8. However, after the Appellate Division denied the application to file a late appeal, petitioner did not file his federal petition. Petitioner again failed to file his habeas petition after his first 440.10 motion was denied. Instead, petitioner chose to file three additional 440.10 motions. These actions by petitioner do not show due diligence. The failure to timely file his petition is due to his own delay, and no causal connection between the failure to file on time and the trial judge's alleged failure to inform petitioner of his right to appeal exists. As discussed above, even after construing petitioner's filings liberally and taking into account statutory tolling, the statute of limitations expired in December 2008.

In sum, petitioner has failed to establish that he was diligently pursuing his rights during the entire time period that he seeks to toll, and equitable tolling is inappropriate.

**3.    Petitioner has not made a "gateway" showing of actual innocence that would entitle him to an equitable exception from the limitations period.**

The Supreme Court recently held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to avoid the "expiration of the statute of limitations." *McQuiggin v. Perkins*,    U.S.    , 133 S. Ct. 1924, 1928 (2013). The Supreme Court cautioned, however, that

6

> tenable actual-innocence gateway pleas are rare: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup*, 513 U.S., at 329, 115 S.Ct. 851; *see House*, 547 U.S., at 538, 126 S. Ct. 2064 (emphasizing that the Schlup standard is "demanding" and seldom met). And in making an assessment of the kind *Schlup* envisioned, "the timing of the [petition]" is a factor bearing on the "reliability of th[e] evidence" purporting to show actual innocence. *Schlup*, 513 U.S., at 332, 115 S.Ct. 851.

*Id.* at 1928. To "present a successful gateway claim of actual innocence a petitioner must present 'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Rivas,* 687 F.3d at 541 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).[2] The claim of actual innocence must be "both 'credible' and 'compelling.'" *Id.*

In this case, petitioner does not argue that he is actually innocent. He has not advanced any credible, compelling claim of actual innocence based upon new, reliable evidence. Dkt. No. 1, Pet.; Dkt. No. 3, Affirmation. On the contrary, petitioner's sentencing transcript includes his admission to killing the victim. *See* Dkt. No. 3, Aff. at 17. The court therefore need not determine whether actual innocence may operate as an equitable exception to the statute of limitations in this case. *Rivas*, 687 F.3d at 541. *Brockington v. Marshall*, 375 F. App'x. 157, 158 (2d Cir. 2010).

Based on the foregoing, the petition is dismissed as untimely.

V.   **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that the petition, Dkt. No. 1, is **DISMISSED AS UNTIMELY**; and it is

---

[2] "'Actual innocence' means factual innocence, not mere legal insufficiency." *Dunham v. Travis*, 313 F.3d 724, 730 (2d Cir. 2002) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).

7

further

**ORDERED** that no certificate of appealability ("COA") shall issue in this case because Petitioner has failed to make a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2);[3] and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED**.

Dated: December 20, 2013
       Albany, New York

*Gary L. Sharpe*
Chief Judge
U.S. District Court

---

[3] *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) ("§ 2253 permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right'"); *Richardson v. Greene*, 497 F.3d 212, 217 (2d Cir. 2007) (holding that, if the court denies a habeas petition on procedural grounds, "the certificate of appealability must show that jurists of reason would find debatable two issues: (1) that the district court was correct in its procedural ruling, and (2) that the applicant has established a valid constitutional violation") (citation omitted)).